■ PAVIA & CO. S.P.A. et al., Appellants, v. SIEGEL CHEMICAL CO., INC., Defendant and Third-Party Plaintiff-Respondent. GREAT EASTERN PACKING & PAPER STOCK CORPORATION, Third-Party Defendant-Respondent.

*Per Curiam.* Plaintiffs appeal from an order denying their motion to take the deposition of two nonresident witnesses upon written interrogatories and granting the cross motion of defendant to the extent of staying all proceedings in the action until plaintiffs furnish security for costs in the sum of $500. Subsequent to the entry of the order appealed from, plaintiffs filed an undertaking in the required amount; consequently the appeal from that portion of the order which granted the cross motion has become academic and is therefore not considered.

Plaintiffs' motion for an examination on written interrogatories was denied on the ground that an order, dated March 28, 1955, precluded plaintiffs from offering evidence as to the subject matter upon which the testimony of the witnesses was sought. The order relied upon was a conditional order which permitted plaintiffs to serve a further supplemental bill of particulars within ten days after service of a copy of the order. Such a bill was served within the prescribed time, but it was returned by defendant as insufficient. There was no

determination of insufficiency by the court, as contemplated by subdivision (d) of rule 115 of the Rules of Civil Practice. In the absence of such a determination, plaintiffs may not be deemed precluded by a mere claim of insufficiency on the part of the defendant.

After denying plaintiffs' motion the order appealed from goes further and restricts plaintiffs to an examination of the witnesses by open commission, provided, however, that plaintiffs first establish the sufficiency of the rejected bill and stipulate to pay the expenses of the defendant and the third-party defendant. This provision of the order is unwarranted. The action is to recover damages for breach of warranty in connection with the sale of waste paper which was shipped to Italy. The witnesses sought to be examined had inspected the merchandise in Italy. Their testimony as to their findings with respect to the condition of the goods can readily be obtained upon written interrogatories without any resulting prejudice to defendant.

Accordingly, the order appealed from, insofar as it denies plaintiffs' motion, should be reversed, with costs and plaintiffs' motion for an examination upon written interrogatories granted in all respects. Settle order.

Peck, P. J., Botein, Rabin, Cox and Bergan, JJ., concur.

Order, insofar as it denies plaintiffs' motion, unanimously reversed, with $20 costs and disbursements, and plaintiffs' motion for an examination upon written interrogatories granted in all respects. Settle order on notice.